NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0513n.06
Filed: June 17, 2005

No. 02-6033

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Eastern |
| MARK AKERS, | ) | District of Kentucky |
| | ) | |
| Defendant-Appellant. | ) | |

**Before:** **BOGGS, Chief Judge; GIBBONS, Circuit Judge; and QUIST, District Judge.**[*]

**PER CURIAM.** Mark Akers pled guilty to 1) conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and 2) employment of a person under age 18 to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 861(a)(1). The district court sentenced Akers to 63 months of imprisonment on each count, to be served concurrently. On appeal, Akers argues that his sentence should be vacated in light of *United States v. Booker*, 125 S. Ct. 738(2005), and that this case should be remanded for resentencing. For the reasons stated below, we agree.

**I**

---

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Investigation by the Kentucky State Police, consisting of surveillance and informant infiltration, determined that between April 7, 2000, and May 3, 2001, Akers, along with co-defendants Lorenzo Huffman and Terry Raines were involved in a conspiracy to possess and distribute contraband drugs.

On November 29, 2001, a federal grand jury returned a nineteen-count indictment against Akers and co-defendants Huffman and Raines. Akers entered a plea of guilty to Count 1 (conspiracy to distribute controlled substances) and Count 8 (employment of a person under age 18 to possess with intent to distribute and to distribute controlled substances). The government voluntarily dismissed the remaining counts against Akers. The plea agreement specified a base offense level of 26 under the Sentencing Guidelines, and specified that Akers would receive a three-level reduction in offense level, pursuant to U.S.S.G. §3E1.1(a), for accepting responsibility for his crimes. The plea agreement otherwise provided that there was no agreement about the sentence the defendant would receive. Akers waived the right to appeal the guilty plea and conviction, as well as the right to any collateral attack on the guilty plea and conviction. He did not, however, waive right to appeal his sentence. Item 15 of the agreement provided that:

> The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this agreement to the Defendant, and that the Defendant's entry into this agreement is voluntary.

It is undisputed that Akers entered into the plea agreement knowingly and voluntarily.

Based on a criminal history level of II and an offense level of 23, the Guidelines prescribe a sentencing range of 51-63 months. The court stated that "[w]hile I would like to sentence everyone towards the low end of the Guideline range, in your case, I don't think I can do that

because of the number of people . . . involved . . . . [and] the amount of drugs." The court sentenced Akers to 63 months on each of Counts 1 and 8 to be served concurrently, in conformity with the plea agreement and the Sentencing Guidelines.

Akers's counsel initially filed a brief stating that there were no non-frivolous issues to appeal and requesting leave to withdraw. Subsequently, this court requested a letter brief addressing the validity of Akers's sentence in light of the Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005). Akers's counsel then requested a remand for resentencing.

## II

Akers's appeal does not attack the merits of his conviction. Thus, the validity of his pre-*Booker* sentencing is the only issue before this court. The government filed a letter brief opposing remand, but its main argument was that remand had not been requested by Akers. After Akers's counsel filed his letter brief requesting remand for resentencing, the government's argument is obviously no longer valid. Akers is entitled to plain-error review of his claim that he was sentenced erroneously by the district court. *Booker*, 125 S. Ct. at 769. Under *United States v. Barnett,* 398 F.3d 516 (6th Cir. 2005), he is plainly entitled to such a remand.

## III

For the foregoing reasons, we **VACATE** Akers's sentence and **REMAND** for resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005).